### Isaac C. Smith and Ichabod S. Williams *v.* Sidney A. Corey.

The judgment, in an action under the mechanics' lien law of 1851 and under the
amendatory act of 1855, must direct the sale, not of the land and premises
upon which the lien exists, but of the owner's interest therein, to the extent of
his right at the time the notice of lien was filed.

Accordingly, where the sheriff, although the direction in the judgment was cor-
rect, sold the property itself; a resale was ordered by the court, to the end that
only the owner's interest might be sold.

It is unnecessary that the sale should be in terms expressed to be subject to mort-
gages or other incumbrances, because the subject of the sale is the owner's in-
terest only, pursuant to the statute, and any superior rights of other persons in
the premises are preserved by operation of law.

The sheriff, as an officer of the court, is bound to execute the judgments and de-
crees thereof.  He cannot go behind any direction contained therein, and refuse
obedience because in his opinion such direction is erroneous.

So held, where the sheriff refused to deliver a deed to a purchaser at a sale directed
by a judgment under the mechanics' lien law, although the delivery of the deed
was required in the judgment.

The sale of the owner's interest under that statute is absolute.

A direction in the judgment, that the sheriff deliver to the purchaser an absolute
deed of conveyance of the interest in question, is proper.

The owner has no right of redemption, and the offer to the purchaser of a certifi-
cate of sale, as in cases where a debtor's interest in lands is sold under ordinary
executions, is erroneous. (*a*)

Special Term, March, 1857.
Before Ingraham, First J.

---

(*a*) See *Randolph* v. *Leary, ante*, p. 637.

MOTION after judgment in an action under the mechanics' lien law. The judgment—after reciting the acquirement, on the 7th of July, 1856, of a lien upon certain premises, in favor of the plaintiffs as contractors, against the defendant as owner, and the usual proceedings to foreclose the lien and to determine the issues between the parties, with a statement of the amount found due—adjudged that the right, title and interest of the defendant, existing on the 7th day of July, 1856, or at any time thereafter, in the premises mentioned in the notice of lien, and which were described in the judgment, be sold by the sheriff at public auction, at the Merchants' Exchange in the city of New York; that the sheriff give public notice of the time and place of sale ; and that he execute, to the purchaser, a deed of the premises sold. The judgment provided for the proper disposition of the proceeds of sale, and for the filing of a report, etc., and then directed that the purchaser be let into possession upon the production of the sheriff's deed and a certified copy of the order confirming the report of sale. It was further adjudged, that the defendant and all persons claiming under him, after the filing of the notice of lien, be for ever barred and foreclosed of all right, title and interest, and of all equity of redemption, in the premises.

From a copy of the sheriff's advertisement, and from the terms and report of sale, it appeared that the premises themselves, and not merely the defendant's interest therein, were sold under color of the judgment. The premises in question consisted of several lots of land situate at the southeast corner of the Fifth Avenue and Thirty-fifth street, together with a church edifice erected thereon. It also appeared that the premises were sold expressly subject to mortgages and to judgments, amounting to about $80,000.

The purchaser at the sale afterwards demanded from the sheriff a deed of the premises, at the same time offering to comply with the terms of sale.

The sheriff refused to execute any deed or conveyance, and tendered instead thereof the certificate described in § 44, of the third part, chapter 6, title 5, article 2, of the Revised Sta-

tutes, which section provides, that "Upon the sale of real estate by virtue of any execution, the officer making the same shall make out and subscribe duplicate certificates of such sale, containing, 1. A particular description of the premises sold: 2. The price bid for each distinct lot or parcel: 3. The whole consideration money paid: 4. The time when such sale will become absolute, and the purchaser will become entitled to a conveyance, pursuant to law." It was claimed, by the sheriff, that there was vested in the defendant the conditional right of redemption, provided in §§ 47, 48, etc., of the title above referred to.

The purchaser now applied, upon a notice of motion and an affidavit, and upon a copy of the judgment and report of sale, for a rule requiring the sheriff to deliver a deed or conveyance of the premises described in the judgment.

*Charles C. Nott,* for the purchaser, *Richard H. Bowne,* argued in favor of the application, as follows:

At common law a judgment was not a lien upon realty, nor could lands be sold under execution. The act of 1787 (Greene, Laws N. Y. chap. lvi. § 1) entitled "an act for making lands and tenements liable to be sold by executions for debt," etc., provides (§ 1) "That all and singular the lands, tenements and real estate of every debtor shall be and hereby are made liable to be sold upon execution to be issued by virtue of any judgment heretofore had or hereafter to be had in any court of record against such debtor, for the judgment and satisfaction of the debt or damages so recovered or to be recovered."

The next sections provide that no judgment shall affect any lands as to purchasers until the actual filing of the roll and docketing of the judgment, and this statute seems to have been the first enactment in this state, making real property liable to be sold upon execution.

No right of redemption was given by the act of 1787, nor by the statutes of 1813, (1 R. S. 500) or existed until the act of 1820 (chap. clxxxiv. Laws 1820.)

That statute provided, "That whenever lands or tenements shall be sold" "by virtue of any execution" "it shall be the duty of the sheriff or other officer instead of executing a deed for the premises sold, to give to the purchaser or purchasers of such lands or tenements a certificate," etc.  The remaining provisions are substantially those of the present law.

The title of this act explains its object and limits its application: "An act in addition to the act concerning judgments and executions." It conferred a right on debtors (and their other creditors) whose lands were bound by general judgments, but limited this right by the well known terms of judgment and execution and by express reference to the act by which lands were made liable to be sold "by virtue of an execution." That under the broad terms, "sheriff or other officer," and "any execution," it was intended to apply to other cases than those referred to, has never been pretended or supposed.

The subsequent statutes of the state have employed the same terms, "any execution," but as has always been supposed, with the like limited effect.

But if by the employment of the term, execution, in the statutes allowing redemption, and in the lien law, it is supposed the right of redemption may have been unwittingly given, it remains to inquire whether this was the real intent of the act, or whether it is not controlled by other legislation.

The lien law (§ 7) indeed says that "execution shall issue for the enforcement of the claim in the same manner as in cases upon other judgments in such courts;" but this court has held that "when the legislature, in the act in question, have likened the proceedings herein to proceedings upon issues joined and judgments rendered in other civil actions for the recovery of moneys, they must be deemed to mean civil actions for the recovery of moneys secured by liens upon property in some sort resembling the liens contemplated by this statute." (*Doughty* v. *Devlin*, 1 E. D. Smith, p 644.)

Again this court has expressly held that parties may or may not be joined as in ordinary mortgage cases, and that the lien is a *quasi lis pendens*. (*Kaylor* v. *O'Connor*, 1 E. D. Smith, 679.)

But § 287 of the Code, reënacted (1852) subsequently to the passage of this law, expressly provides that " real property adjudged to be sold must be sold in the county," etc., and " thereupon the sheriff or referee must execute a conveyance to the purchaser."

Now the judgment in this case does adjudge that real property shall be sold and therefore falls directly within the express provision of the Code, while the seventh section of the lien law alone uses the term " execution," and that act nowhere provides that sales of real property shall be by execution or limits the remedy to execution. Further than this, there may be cases where an ordinary execution would be proper under the seventh section, as for a deficiency or where the judgment was personal ; but in others, the word execution must be controlled by the words " in the same manner as in cases upon other judgments.'" The nature of the judgment will therefore determine the " manner " in which the relief is to be granted. Where the judgment is personal, it will be by ordinary execution. Where " real property is adjudged to be sold," it will be " in the same manner as in cases upon other judgments, or by a certified copy of the decree." Under § 8 of the act this is still clearer.

Whatever may be determined in a case arising before the amendments of 1855, it must be held impossible to give any effect to the first section of that act, if the sale by the sheriff here be as under an ordinary execution. The intent of the legislature to make the practice conform to that in an ordinary foreclosure case seems so clear that no argument is deemed necessary. It would however remove many doubts, could the decision of the court be made to rest on the act of 1851 alone.

*Aug. L. Brown, A. Oakey Hall,* and *Aaron J. Vanderpoel,* for the sheriff.

INGRAHAM, FIRST J.—This is a motion to compel the sheriff to execute to the purchaser a deed of the premises sold by him pursuant to the judgment therein.

The action is brought to enforce a lien under the mechanics' lien law. The judgment directed the sheriff to sell the interest of the defendant in the premises at the time of filing the notice to create the lien, and to execute a deed therefor to the purchaser. The sale was made by the sheriff, who refuses to give a deed, but offers a certificate of sale, in the same manner as under sale of a debtor's interest and lands under ordinary executions.

It would be sufficient for this case to say that the judgment of the court directs the sheriff to make the sale of the defendant's interest and to execute a deed therefor to the purchaser. As an officer of the court it is his duty to obey the judgments and decrees of the court, and it is not within his province to say that any judgment so rendered was erroneous, or to refuse obedience to its directions. So long as the judgment remained, the sheriff and defendant were alike bound by it, and if that judgment directed an absolute sale of the property, and the execution of a deed therefor to the purchaser, the sheriff could not with any propriety go behind such judgment to inquire whether it was properly rendered. If the judgment was erroneous it could only be corrected by the defendant on appeal, and until so corrected it was the duty of the sheriff to obey its provisions.

For the reasons stated in the case of *Randolph* v. *Leary*, decided by me at this term, March, 1857, (*a*) I am of the opinion that the judgment was not erroneous, that the sale of the defendant's interest is absolute, that the defendant has no right of redemption and that the sheriff should execute the deed as required by the plaintiff on this motion. I refer to my opinion in that case for the reasons upon which it is founded.

There is, however, a difficulty in this case which prevents the granting of this motion.

On referring to the certificate of sale I find that the sheriff sold the property described and not the interest of the defendant in the property on the day of filing the notice as directed by the

(*a*) *Ante,* p. 637.

judgment. That such property was sold, also subject to mortgages and judgments thereon, and an order directing the sheriff to give a deed of the premises as sold, would direct a conveyance of the property and not of the interest of the defendant in the property at the time of filing the notice to create the lien.

The sale in this form was erroneous, and not warranted by the judgment. The statute is positive in directing what shall be sold. The first section of the amendatory act, Sess. Laws, 1855, p. 760, provides that the judgment shall direct the sale of the interest of the owner in the land, to the extent of the right of the owner at the time of the filing of the notice of lien. The first section provides that such sale shall be made subject to any prior liens existing thereon.

It is not necessary to sell in express terms subject to mortgages, or other encumbrances, because if the sale is properly made of only the defendant's interest, such sale will, as matter of law, be subject to the rights and interest of any other person in the premises.

The motion must on this account be denied, and a resale be directed at which the defendant's interest only must be sold.

Ordered accordingly.